# W. F. SCHRAFFT & SONS CORPORATION et al. v. SCHAARFS et al.

## No. 6350.

District Court, E. D. New York.

June 15, 1932.

White & Case, of New York City (Chester Bordeau, of New York City, of counsel), for plaintiffs.

Epstein & Goodman, of New York City (Harry Goodman, of New York City, of counsel), for defendants.

MOSCOWITZ, District Judge.

This is a motion made by the plaintiffs for an injunction pendente lite forbidding and enjoining the defendants and each of them from directly or indirectly infringing the trade-mark "Schrafft's" and from using the name "Scharff's" in the form now used or in any form calculated to mislead and deceive the public.

The plaintiff W. F. Schrafft & Sons Corporation, and its predecessor in business, W. F. Schrafft & Sons, has for many years been engaged in the business of manufacturing chocolate and candies in Boston, Mass. These products have been sold throughout the United States under the name "Schrafft's." The name "Schrafft's," which is favorably known to the public, was registered by its owner, one of the plaintiffs, W. F. Schrafft & Sons Corporation, on June 4, 1930, in the United States Patent Office.

The plaintiff Frank G. Shattuck Company is and has been since its inception closely related to plaintiff W. F. Schrafft & Sons Corporation, having been formed and controlled by the plaintiff W. F. Schrafft & Sons Corporation, or the majority stockholders thereof, as a retail company, to operate retail confectionery shops with lunchrooms and restaurants under the name of "Schrafft's,"

to sell at retail the products of the plaintiff W. F. Schrafft & Sons Corporation, and other similar articles. Plaintiff Frank G. Shattuck Company owns all the capital stock of the plaintiff W. F. Schrafft & Sons Corporation.

The Frank G. Shattuck Company has for more than eighteen years continuously conducted restaurants and confectionery stores in the city of New York and elsewhere where the said company has sold at retail food, confectionery, and other similar articles under said name and trade-mark "Schrafft's," which is displayed on the windows of such stores and upon the commodities sold therein and their containers. The confectionery and candy sold in said stores are largely manufactured by the plaintiff W. F. Schrafft & Sons Corporation, to wit, chocolates, also food, cakes, candies, and other similar articles which plaintiff Frank G. Shattuck Company prepares and manufactures, all of which business is conducted under an agreement with W. F. Schrafft & Sons Corporation, whereby the Frank G. Shattuck Company is licensed to use the said trade-mark "Schrafft's" in connection with said business.

The Frank G. Shattuck Company conducts twenty-eight stores in the city of New York. On each of the stores the word "Schrafft's" is displayed prominently, without other words appended thereto. In all instances the word "Schrafft's" is used by the Frank G. Shattuck Company in the same form as it appears on the trade-mark, a copy of which is attached to the moving papers. The name "Schrafft's" has been continuously used by W. F. Schrafft & Sons Corporation, and its predecessors, W. F. Schrafft and the firm of W. F. Schrafft & Sons, since prior to February, 1890.

In or about February, 1932, the defendants commenced business under the name of "Scharff's Confectionery & Luncheonette" at No. 2 Lilley place, Howard Beach, in the borough of Queens, city of New York, and there conduct a store in which are being sold to the public sandwiches, cakes, light lunches, candies, and similar merchandise. The defendants have used, and are using, the name "Scharff's" without the consent of the plaintiffs. The name "Scharff's," used by the defendants, appears in the identical script of the plaintiffs' trade-mark. The defendants have spelled the name "Scharff's" with the special lettering employed by the plaintiffs in their trade-mark.

The conclusion is irresistible that the defendants, who are using the special lettering employed by the plaintiffs in spelling the word "Scharff's," are misleading the public into believing that the shop in question is conducted by the plaintiffs under such name.

The photostatic exhibits attached to the moving papers showing the form of the plaintiffs' trade-mark "Schrafft's," and the form of the sign used by the defendants "Scharff's," prove beyond doubt that there is an infringement of the plaintiffs' trade-mark, and that the defendants make use of the name "Scharff's" with plaintiffs' identical lettering for the purpose of deceiving the public into believing that they are buying the plaintiffs' products.

Defendants and each of them will be enjoined pendente lite from directly or indirectly infringing the trade-mark "Schrafft's," and from using the word "Scharff's" in the form now used or in any form calculated to mislead and deceive the public.

Settle order on notice.